PER CURIAM.
Benjamin Rayce Holt appeals the summary denial of his motion for postconviction relief in which he asserts his plea was involuntary because his attorney misinformed him of the maximum sentences he faced. The trial court’s order does not adequately address Holt’s argument; accordingly, we reverse and remand.
Holt asserts that he was charged with second-degree burglary and violation of probation. The state sought to have Holt classified as a habitual offender. When presented with the state’s negotiated plea agreement, counsel allegedly stated that due to his sentencing guidelines score he would receive a sentence of life for the second-degree burglary charge. Further, counsel informed him that even if he were found not guilty on the new charge, he would still receive a maximum sentence of twenty-seven years for the violation of probation.
In addressing the alleged misstatements of counsel, the trial court incorrectly states that Holt is complaining that counsel informed him he could receive twenty-seven years’ imprisonment for the second-degree burglary charge. Further, the trial court notes that pending before the court was a charge of violation of probation for armed burglary which is punishable by a maximum penalty of life imprisonment. The court found that Holt was not prejudiced by counsel’s advice.
We disagree. Counsel was incorrect when he allegedly stated that a sentence of life *1121 could be imposed for the second-degree burglary charge. The maximum sentence, enhanced by the habitual offender statute, is thirty years’ imprisonment. Further, we note that Holt indicates that the probation for the prior armed burglary was being served pursuant to a plea agreement which reduced the armed burglary to a second-degree burglary. Neither the new charge of burglary nor the underlying charges which were the subject of the violation of probation support trial counsel’s statement that Holt faced a sentence of life imprisonment.
The misinformation allegedly provided by trial counsel could have persuaded Holt to enter into the plea agreement. This case is remanded for proceedings consistent with this opinion. The court may again deny this motion without an evidentiary hearing if it attaches those portions of the record which conclusively refute Holt’s allegations.
Reversed and remanded.
RYDER, A.C.J., and DANAHY and LAZZARA, JJ., concur.